IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MONICA A. SAGNESS | ) | CASE NO. 4:16-cv-03152-JMG-CRZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MOTION TO COMPEL** |
| | ) | |
| JESSE L. DUPLECHIN, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW Defendant, Jesse L. Duplechin, and moves the Court for an order under Fed. R. Civ. P. 37 overruling the Plaintiff Monica A. Sagness' objections to the Defendant's discovery requests, requiring the Plaintiff to serve a privilege log by a date deemed reasonable by the Court, and ordering that Defendant is entitled to recover his reasonable expenses, including attorney fees, incurred in making this Motion.

In support of this Motion, Defendant states and alleges as follows:

1. On October 31, 2016, the Defendant served Interrogatories and Requests for Production of Documents (collectively "Discovery Requests") on the Plaintiff.

2. On January 6, 2017, the Plaintiff served Amended Answers and Responses to Defendant's Interrogatories and Requests for Production ("Amended Answers").

3. The Plaintiff's Amended Answers assert eight "Objections of General Application," which "apply to each and every request set forth in the Defendants' [sic] Discovery Demands [sic] . . . ."

4. The Plaintiff's Amended Answers also assert "Objections Raised by Reference" to individual discovery requests. These objections and the affected discovery requests are:

    a. "Relevance Objection": Interrogatory Nos. 6 and 12; Request for Production Nos. 10, 14, and 19.

    b. "Vagueness and Burdensome Objection": Interrogatory Nos. 7, 13, and 22; Request for Production No. 14.

    c. "Legal Conclusion Objection": Interrogatory No. 2.

    d. "Defendant's Possession Objection": Interrogatory Nos. 7 and 18; Request for Production Nos. 18 and 19.

    e. "Attorney Work Product/Attorney-Client Privilege Objection": Interrogatory Nos. 2 and 13; Request for Production Nos. 11, 12, and 20.

5. Defendant has asked the Plaintiff to withdraw her general objections and the specific objections described in paragraph 4.a–d above. Plaintiff has refused to withdraw those objections.

6. Plaintiff has not served the Defendant with a privilege log or otherwise provided information sufficient to assess the Plaintiff's privilege and work product objections to Interrogatory Nos. 2 and 13; Request for Production Nos. 11, 12, and 20.

7. Defendant's counsel has exchanged emails and letters with Plaintiff's counsel in a good faith effort to resolve the parties' discovery differences.

8. Under Neb. Civ. R. 7(i), the parties' counsel personally discussed their discovery dispute in teleconference. This teleconference occurred on January 18,

2017 from approximately 1:30 p.m. to 2:00 p.m. Attorneys John Hinrichs and Kasey L. Oliver participated for the Plaintiff. Attorney Mark A. Grimes participated for the Defendant.

9. On January 31, 2017, counsel for both parties and the Hon. Cheryl R. Zwart telephonically conferred about the parties' discovery disputes.

10. Despite these efforts, the parties' discovery disagreements remain unresolved.

WHEREFORE, Defendant Jesse L. Duplechin respectfully requests that the Court enter an order as follows:

a. Striking the Plaintiff's "Objections of General Application";

b. Overruling the Plaintiff's "Relevance Objection" to Interrogatory Nos. 6 and 12, and Request for Production Nos. 10, 14, and 19;

c. Overruling the Plaintiff's "Vagueness and Burdensome Objection" to Interrogatory Nos. 7, 13, and 22, and Request for Production No. 14;

d. Overruling the Plaintiff's "Legal Conclusion Objection" to Interrogatory No. 2;

e. Overruling the Plaintiff's "Defendant's Possession Objection" to Interrogatory Nos. 7 and 18, and Request for Production Nos. 18 and 19;

f. Ordering the Plaintiff to serve a privilege log for each of her "Attorney Work Product/Attorney-Client Privilege Objections" by a date deemed reasonable by the Court, such log to identify the date of the communication or tangible thing, document type (if applicable), author, recipient(s), and subject; and

g. Ordering that the Defendant is entitled to recover his reasonable expenses, including attorney's fees in the amount of $500.00, under Fed. R. Civ. P. 37(a)(5).

Dated this 6th day of February, 2017.

                JESSE L. DUPLECHIN, Defendant.

By:  s/Susan K. Sapp
     Susan K. Sapp – #19121
     Mark A. Grimes - #25401
     Cline Williams Wright
      Johnson & Oldfather, LLP
     1900 U.S. Bank Building
     233 South 13th Street
     Lincoln, NE 68508-2095
     (402) 474-6900
     ssapp@clinewilliams.com
     mgrimes@clinewilliams.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2017, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which sent notification of such filing to the following attorneys of record:

John R. Hinrichs
john@hpslawfirm.com

Kasey L. Olivier
kasey@hpslawfirm.com

Ashley M. Miles Holtz
ashley@hpslawfirm.com

Kenny Jacobs
kenny@jacobsalexanderlaw.com

                s/Susan K. Sapp
                Susan K. Sapp

4825-2018-5409, v. 1