IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MONICA A. SAGNESS | ) | CASE NO. 4:16-cv-03152-JMG-CRZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JESSE L. DUPLECHIN, | ) | |
| | ) | |
| Defendant. | ) | |

---

**DEFENDANT'S BRIEF IN SUPPORT OF
MOTION TO COMPEL**

---

Prepared and submitted by:

Susan K. Sapp #19121
Mark A. Grimes #25401
CLINE WILLIAMS WRIGHT JOHNSON
   & OLDFATHER, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinwilliams.com
mgrimes@clinewilliams.com
*Counsel for the Defendant*

February 7, 2017

Under NECivR 7.1(a)(1)(A), Defendant Jesse L. Duplechin submits this Brief in Support of Motion to Compel.

## I. INTRODUCTION

This is a personal injury case arising from an automobile accident. The Defendant served the Plaintiff with discovery requests that are standard in such cases. The Plaintiff's counsel responded by asserting numerous objections, including eight general objections, that are not warranted by the law or the particular discovery requests in question. The Defendant's counsel has repeatedly consulted with the Plaintiff's counsel about the objections. The Defendant's counsel has also shared citations to relevant authority that are directly contrary to the Plaintiff's position. Yet the Plaintiff's attorneys have refused to withdraw a single objection, stating that they have right to "protect our record." [Affidavit of Mark A. Grimes ("Grimes Aff.") ¶ 5, Ex. H].

The Plaintiff's attorneys insist that they have provided all responsive information, except for a few of the discovery requests. The Plaintiff's attorneys, however, mistake the applicable law. The Defendant therefore respectfully asks the Court to:

- Strike the Plaintiff's general objections;

- Overrule the Plaintiff's specific objections, except those objections under the attorney–client privilege and work-product doctrine; and

- Order the Plaintiff to serve a privilege log by a date deemed reasonable by the Court.

And, if the Court sustains the Motion to Compel, the Defendant further requests that the Court order that the Defendant is entitled to recover his reasonable

expenses, including attorney fees in the amount of $500.00, from the Plaintiff's attorneys.

## II. BACKGROUND

1.      On October 31, 2016, the Defendant, through his attorney Susan K. Sapp, served Interrogatories and Requests for Production of Documents (collectively "Discovery Requests") on the Plaintiff. [Affidavit of Susan K. Sapp ("Sapp Aff.") ¶ 4, Exs. A, B]. The Defendant later stipulated to extend the deadline for the Plaintiff's responses to December 14, 2016. [Doc. 13].

2.      The Discovery Requests seek information and documents relevant to the parties' claims and defenses. These same requests are commonly used in cases involving personal injuries and motor vehicle accidents. [Sapp Aff. ¶ 5].

3.      On December 14, 2016, the Plaintiff served her Answers and Responses to Defendant's Interrogatories and Requests for Production (hereinafter "Original Answers"). [Sapp Aff. ¶ 6, Ex. C].

4.      Plaintiff's Original Answers made both "Objections of General Application" to each discovery request and "Objections Raised by Reference" to individual discovery requests. [Sapp Aff. ¶ 6, Ex. C].

5.      On December 29, 2016, Ms. Sapp sent a letter to John Hinrichs, attorney for the Plaintiff, describing the Defendant's concerns with the Plaintiff's objections. [Sapp Aff. ¶ 7, Ex. D]. For example, Ms. Sapp noted that general objections are inconsistent with the Federal Rules of Civil Procedure. [*Id.*]. Ms. Sapp asked Mr. Hinrichs to withdraw the Plaintiff's objections to the Discovery Requests. [*Id.*]

6.     On January 6, 2017, the Plaintiff served Amended Answers and Responses to Defendant's Interrogatories and Requests for Production ("Amended Answers"). [Sapp Aff. ¶ 8, Ex. E]. In a letter accompanying the Amended Answers, Mr. Hinrichs informed Ms. Sapp that the Plaintiff had declined to withdraw any of the objections. [Sapp Aff. ¶ 9, Ex. F].

7.     The Amended Answers removed references to the "South Dakota Rules of Civil Procedure" and revised Mr. Hinrich's signature block. [Sapp. Aff., Ex. E]. The Amended Answers also changed the wording of the Plaintiff's objections to Request for Production Nos. 11 and 20. [*Id.*].

8.     But the Amended Answers did not withdraw any the Plaintiff's objections. The Amended Answers open with a list of eight "Objections of General Application," which "apply to each and every request set forth in the Defendants' [sic] Discovery Demands [sic] . . . ." [Sapp. Aff., Ex. E at pp. 2–3].

9.     The Amended Answers also assert "Objections Raised by Reference" to individual discovery requests. [Sapp Aff., Ex. E at pp. 3–4]. These objections and the affected discovery requests are:

     a. "Relevance Objection": Interrogatory Nos. 6 and 12; Request for Production Nos. 10, 14, and 19. [*Id.* at pp. 6, 8, 14, 15, 16].

     b. "Vagueness and Burdensome Objection": Interrogatory Nos. 7, 13, and 22; Request for Production No. 14. [*Id.* at pp. 6, 8–9, 11, 15].

     c. "Legal Conclusion Objection": Interrogatory No. 2. [*Id.* at p. 4].

     d. "Defendant's Possession Objection": Interrogatory Nos. 7 and 18; Request for Production Nos. 18 and 19. [*Id.* at pp. 6, 10, 16].

     e. "Attorney Work Product/Attorney-Client Privilege Objection": Interrogatory Nos. 2 and 13; Request for Production Nos. 11, 12, and 20. [*Id.* at pp. 4, 8–9, 14–15, 17].

- 4 -

10.     On January 13, 2017, Mark A. Grimes, an attorney for the Defendant, sent Mr. Hinrichs a letter stating that the Plaintiff's objections in the Amended Answers were not consistent with the Federal Rules of Civil Procedure. [Grimes Aff. ¶ 5, Ex. G]. Mr. Grimes' letter cited relevant cases, rules, and treatises, including an Order written by the Hon. Cheryl R. Zwart stating that "general objections do not meet the specificity requirements of the federal rules." [*Id.*, Ex. G at p. 2].

11.     On January 18, 2017, the parties personally consulted about their discovery differences in a teleconference under NECivR 7.1(i). [Grimes Aff. ¶ 6]. Mr. Hinrichs and attorney Kasey L. Olivier participated for the Plaintiff. [*Id.*]. Mr. Grimes participated for the Defendant. [*Id.*]. The teleconference began at about 1:30 p.m. and ended at about 2:00 p.m. [*Id.*].

12.     At the January 18 teleconference, Mr. Hinrichs and Ms. Olivier said that the Plaintiff would not withdraw any of their objections in the Amended Answers. [Grimes Aff. ¶ 7]. Mr. Hinrichs stated that he had not read any of the cases cited in Mr. Grimes' January 13 letter. [*Id.*] Mr. Hinrichs agreed to produce a privilege log "forthwith," but declined to set a date for the production of such log. [*Id.*].

13.     On January 18, after the teleconference ended, the parties exchanged emails confirming their positions at the teleconference. [Grimes Aff. ¶ 8, Ex. H]. Ms. Olivier stated that the Plaintiff's objections were necessary to "protect our record," and would not be withdrawn. [*Id.*] Ms. Olivier also stated that the Plaintiff would produce a privilege log "forthwith." [*Id.*]

- 5 -

14.     On January 20, the Defendant moved for a teleconference with the Hon. Chery R. Zwart, under paragraph 6 of the Court's Final Progression Order. [Doc. 15; Doc. 19]. The Court sustained the motion. [Doc. 20].

15.     On January 31, the parties had a teleconference with the Hon. Cheryl R. Zwart to discuss their discovery differences. [Sapp. Aff. ¶ 10]. Ms. Sapp and Mr. Grimes participated for the Defendant. [*Id.*]. The Plaintiff's attorneys informed the Court that they would not withdraw any of their objections. [*Id.*].

16.     The Plaintiff's attorneys have not withdrawn any of their objections in the Amended Answers. [Sapp Aff. ¶ 11]. Nor have they provided a privilege log. [*Id.* at ¶ 12].

## III. ARGUMENT

### A.     The Court should overrule the Plaintiff's general objections.

The Plaintiff's Amended Answers open with eight "Objections of General Application." [Sapp Aff. ¶ 8, Ex. E]. The Amended Answers state that these "'Objections of General Application' apply to each and every request set forth in the Defendants' [sic] Discovery Demands [sic] and will not be repeated separately herein or repeated separately when Plaintiff responds further to Defendants' [sic] Discovery Demands [sic]." [*Id.* at p. 1].

General objections are contrary to Rule 33(b)(4)'s command that objections to interrogatories be "stated with specificity." Similarly, Rule 34(b)(2)(B) requires a party objecting to a request for production to "state with specificity the grounds for objecting to the request, including the reasons."

The deficiency of general objections is shown by the following citations, which are taken verbatim from Mr. Grimes' January 13, 2017 letter to Plaintiff's counsel [Grimes Aff. ¶ 5, Ex. G]:

- *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204 (8th Cir. 1973) ("The Rule is explicit that blanket refusals to answer based upon the privilege against self-incrimination are not acceptable.").

- *White Cap Const. Supply, Inc. v. Tighton Fastener & Supply Corp.*, 2009 WL 3836891 (D. Neb. Nov. 13, 2009) ("The parties are advised that this court will, on its own volition, disregard all boilerplate general objections asserted by any party.").

- *Creighton St. Joseph Regional Healthcare, LLC v. Lakeland Eng'ing Equip. Co.*, 2007 WL 4052064 (D. Neb. Nov. 13, 2007) ("a general objection was not permitted under Fed. R. Civ. P. 34(b)").

- *Shrader v. Reed*, 11 F.R.D. 367 (D. Neb. 1951) ("General objections to interrogatories are not proper.").

- See also 33 Claudia Wilken, Moore's Federal Practice § 33.171 (2016) ("General, blanket objections are not acceptable.").

In addition, Mr. Grimes' letter to Mr. Hinrichs noted that the Hon. Cheryl R. Zwart stated in *Packard v. Darveau* that "general objections do not meet the specificity requirement of the federal rules." 2012 WL 4443505, at *3 (D. Neb. Sept. 25, 2012). [Grimes Aff. ¶ 5, Ex. G].

**B.    The Court should overrule the Plaintiff's "Relevance," "Vague and Burdensome," "Legal Conclusion," and "Defendant's Possession" objections to individual discovery requests.**

In addition to a list of general objections, the Plaintiff's attorneys have also maintained a number of "Objections Raised by Reference" to individual discovery requests. [Sapp Aff. ¶ 8, Ex. E at pp. 3–4]. For each objection, the Plaintiff has the burden of showing that the discovery request is improper. See *Bremmer v. Appleton Elec., LLC*, 2013 WL 2147408 (D. Neb. May 15, 2013), citing *St. Paul Reinsurance*

*Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508 (N.D. Iowa 2000). The Plaintiff

cannot meet this burden.

  **(1)**  ***"Relevance Objection"***

  The Plaintiff's Amended Answers object that Interrogatory Nos. 6 and 12, and

Request for Production Nos. 10, 14, and 19 are irrelevant. None of these objections

are well-taken. Discovery is not limited to information that is relevant and

admissible at trial. *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir.

2014). Discovery is an investigative tool that helps litigants understand the key

persons, relationships, and evidence in a case, even if that evidence is not

admissible. *Id.* A discovery request is relevant if there is any possibility that the

information sought might be relevant to the subject matter of the action. *Cody Foster*

*& Co., Inc. v. Urban Outfitters, Inc.*, 2015 WL 4366162, at *3 (D. Neb. July 16, 2015),

citing *Gladfelter v. Wal-Mart Stores, Inc.*, 162 F.R.D. 589 (D. Neb. 1995).

  Each of the interrogatories and requests for production to which the Plaintiff

objects meet this relevance standard:

- Interrogatory No. 6 asks the Plaintiff to describe her occupation at the time of the accident. [Sapp Aff. ¶ 8, Ex. E at p. 6]. This information is relevant to the Plaintiff's request for lost wages in the Complaint. [Doc. 1, at CM/ECF p. 4].

- Interrogatory No. 12 asks whether the Plaintiff consumed drugs or alcohol within 48 hours of the accident. [Sapp Aff. ¶ 8, Ex. E at p. 8]. This information is relevant to the credibility of the Plaintiff's recollection of the accident.

- Request for Production No. 10 asks for copies of communications related to payments or compensation for the Plaintiff's injuries. [*Id.* at p. 14]. These documents are relevant to the Plaintiff's request for medical expenses in the Complaint. [Doc. 1, at CM/ECF p. 4].

- Request for Production No. 14 asks for documents referring to any reimbursement for special damages that the Plaintiff seeks to recover. [Sapp Aff. ¶ 8, Ex. E at p. 15]. These documents might be relevant to the Plaintiff's claimed damages.

- Request for Production No. 19 asks for documents related to any claim or lawsuit that the Plaintiff has filed against a third party. [*Id.* at p. 16]. These documents are relevant to whether the Plaintiff has asserted other claims related to the accident or has a pre-existing injury or illness.

All of these discovery requests "reasonably bear upon the issues in the case," and are therefore relevant. *Cody Foster & Co.*, *supra*, at *3 (citation omitted).

### (2)     *"Vague and Burdensome Objection"*

The Plaintiff objects that Interrogatory Nos. 7, 13, and 22, and Request for Production No. 14 are "Vague and Burdensome." [Sapp Aff. ¶ 8, Ex. E at pp. 6, 8–9, 11, 15]. These are standard requests that are neither vague nor burdensome:

- Interrogatory No. 7 asks: "Identify each person who is known to you to have any knowledge or information relevant to the subject matter of this action, and describe each such person's knowledge and their relationship, if any, to you." [*Id.* at p. 6].

- Interrogatory No. 13 asks: "Identify all written documents and statements concerning the accident at issue and/or your claimed damages, of which you or your representatives have knowledge or possession." [*Id.* at p. 8].

- Interrogatory No. 22 asks: "Identify all facts and documents known to you which support your contentions as alleged in your Complaint that you sustained permanent disability as a result of the accident in question." [*Id.* at p. 11].

- Request for Production No. 14 requests: "All documents which refer to or reflect the source and amount of any reimbursement received for any special damage for which you seek recovery in this action." [*Id.* at p. 15].

Further, a burdensomeness objection cannot stand unless the objecting party has concrete evidence of the burden: "an objection that discovery is overly broad and unduly burdensome must be supported by affidavits or offering evidence revealing the nature of the burden and why the discovery is objectionable. It is not sufficient to simply state that the discovery is overly broad and burdensome . . . ."

*Wagner v. Dryvit Systems, Inc.*, 208 F.R.D. 606, 610 (D. Neb. 2001); see *Carlson v.*

- 9 -

*Freightliner v. LLC*, 226 F.R.D. 343 (D. Neb. 2004) (same). This quotation from *Wagner, supra*, is taken verbatim from Mr. Grimes' January 13, 2017 letter to Plaintiff's counsel. [Grimes Aff. ¶ 5, Ex. G]. The Plaintiff has not supported the "Vague and Burdensome" objections with evidence showing the nature of the burden.

### (3)    *"Legal Conclusion Objection"*

The Plaintiff objects that Interrogatory No. 2 calls for a "Legal Conclusion." [Sapp Aff. ¶ 8, Ex. E at p. 4]. Interrogatory No. 2 asks the Plaintiff to: "Identify each person whom you expect to call as an expert witness at trial and set forth the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." [*Id.*].

The Plaintiff's attorneys have not explained how this interrogatory calls for a legal conclusion. Further, Rule 33(a)(2) states that an "interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."

### (4)    *"Defendant's Possession Objection"*

Finally, the Plaintiff objects to Interrogatory Nos. 7 and 18 and Request for Production Nos. 18 and 19 because the information sought is in the "Defendant's Possession." [Sapp Aff. ¶ 8, Ex. E at pp. 6, 10, 16]. That is simply not an objection that the Rules recognize:

> [A]n objection based on information that the moving party is already in possession of documents it seeks to obtain by inspection, is an insufficient response to requests for production; a party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents.

*Acosta v. Tyson Foods, Inc.*, 2012 WL 3111994, at *4 (D. Neb. July 30, 2012). This rule applies to both interrogatories and requests for production. See *Bibbs v. New River Community & Technical College*, 285 F.R.D. 382, 394 (S.D. W. Va. 2012); *Rogers v. Tri-State Materials Corp.*, 51 F.R.D. 234, 245 (N.D. W. Va. 1970); *BriovaRx, LLC v. Johnson*, 2014 WL 989206, *5 (S.D. W. Va. March 13, 2014); *Smithfield Business Park, LLC v. SLR Intern. Corp.*, 2013 WL 5705601, *5 (E.D. N.C. Oct. 18, 2013).

**C.    The Plaintiff must support objections under the attorney–client privilege and work-product doctrine with a privilege log.**

The Plaintiff objects to Interrogatory Nos. 2 and 3 and Request for Production Nos. 11, 12, and 20 under the "Attorney Work Product/Attorney-Client Privilege." [Sapp Aff. ¶ 8, Ex. E at pp. 4, 8–9, 14–15, 17]. Under Rule 26(b)(5)(A)(ii), a party who withholds information under a privilege or the work-product doctrine must describe the information in a "manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

The Plaintiff must support her privilege and work-product objections with a privilege log: "The mandate of Rule 26(b)(5) clearly requires a privilege log whenever a party withholds information otherwise discoverable by claiming that the information is privileged." *Brown v. West Corp.*, 287 F.R.D. 494, 499 (D. Neb. 2012) (quotation omitted). The Plaintiff has yet to serve a privilege log. [Sapp. Aff. ¶ 12].

Plaintiff's attorneys have represented that they will prepare a privilege log "forthwith," but would not agree to produce the log by any particular date. [Grimes Aff. ¶¶ 7, 8, Ex. H]. Defendant respectfully requests that the Court set a reasonable date for this production to occur. The Defendant further requests that the log include information allowing the Defendant to assess the Plaintiff's privilege and

work-product claims, including the date of the communication or tangible thing, document type (if applicable), author, recipients, and subject.

**D.      The Court should order the Plaintiff's counsel to pay the Defendant's reasonable expenses if the Court sustains this Motion.**

Under Rule 37(a)(5)(A), reasonable expenses, including attorney fees, are applicable if the court sustains a motion to compel discovery:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

The exceptions under Rule 37(a)(5)(A) are if (i) the movant did not attempt to obtain the discovery in good faith without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

None of the exceptions in Rule 37(a)(5)(A) apply. The Defendant's attorneys attempted several times to resolve this dispute without court action. [Sapp Aff. ¶ 7, Ex. D; Grimes Aff. ¶¶ 5–8, Exs. G, H]. And, as the authority cited in this Brief shows, the Plaintiff's objections were not substantially justified.

Finally, the circumstances do not make an award of expenses unjust. In fact, the circumstances are just the opposite. For example, in his January 6, 2017 letter, Mr. Hinrichs said that the Plaintiff's attorneys were "declining to withdraw our Objections of General Application . . . on the ground that they are not prohibited by Rule 33(b)(4)." [Sapp Aff. ¶ 9, Ex. F at p. 1]. But Mr. Hinrichs represented that he

"would be happy to review any case law or other authority regarding these types of objections that you believe is inconsistent with our position." [*Id.*].

In his January 13, 2017 letter to Mr. Hinrichs, Mr. Grimes cited five cases from the Eighth Circuit Court of Appeals and the District Court of Nebraska that are inconsistent with the Plaintiff's position on general objections. [Grimes Aff. ¶ 5, Ex. G at pp. 1–2]. Yet, during the January 18 teleconference, Mr. Hinrichs told Mr. Grimes that he had not read any of the cases that Mr. Grimes cited. [Grimes Aff. ¶ 7].

In sum, the Defendant respectfully requests that the Court also order the Plaintiff's attorneys to pay the Defendant's reasonable costs, including attorney fees of $500.00, which represents the 3.2 attorney hours necessary to prepare and brief this motion. [Sapp. Aff. ¶ 14].

## IV. CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that the Court sustain the Motion to Compel and grant the specific relief requested therein.

Dated this 6th day of February, 2017.

JESSE L. DUPLECHIN, Defendant.

By:   s/Susan K. Sapp

Susan K. Sapp – #19121
Mark A. Grimes - #25401
Cline Williams Wright
  Johnson & Oldfather, LLP
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE  68508-2095
(402) 474-6900
ssapp@clinewilliams.com
mgrimes@clinewilliams.com

- 13 -

**CERTIFICATE OF SERVICE**

I hereby certify that on February 6, 2017, I electronically filed the foregoing document with the Clerk of the United States District Court using the CM/ECF system which sent notification of such filing to the following attorneys of record:

John R. Hinrichs
john@hpslawfirm.com

Kasey L. Olivier
kasey@hpslawfirm.com

Ashley M. Miles Holtz
ashley@hpslawfirm.com

Kenny Jacobs
kenny@jacobsalexanderlaw.com

 s/Susan K. Sapp

Susan K. Sapp

4847-3864-9921, v.  1