IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MONICA A. SAGNESS,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JESSE L. DUPLECHIN,<br><br>　　　　　　　Defendant. | 4:16CV3152<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the court on Defendant Jesse L. Duplechin's Motion to Compel (Filing No. 22).  For the reasons set forth below, the motion is granted in part and denied in part.

BACKGROUND

　　　　This is a personal injury case arising from an automobile accident.  On October 31, 2016, Defendant served interrogatories and requests for production of documents on Plaintiff.  Plaintiff provided her initial responses on December 14, 2016.  Plaintiff's responses contained several "Objections of General Application." (Filing No. 24-1 at CM/ECF pp. 22-23, ¶¶ A-H).  Plaintiff also raised several objections to specific interrogatories and requests for production.  After counsel for the parties discussed Plaintiff's objections to the discovery responses, Plaintiff served Amended Answers.  The "Objections of General Application" and other specific objections to certain interrogatories and requests for production remained in Plaintiff's Amended Answers.

　　　　Counsel for the parties again conferred over Defendant's continuing concerns about the nature of Plaintiff's stated objections.  Specifically, Defendant requested that Plaintiff withdraw her general objections and withdraw any objections for interrogatories

and requests for production for which Plaintiff provided answers over objections. The parties then participated in a telephonic conference before the undersigned Magistrate Judge in an attempt to settle the discovery dispute. No resolution was reached and Defendant subsequently filed a motion to compel. ([Filing No. 22](#)).

Defendant requests an order granting the following relief:

1) Striking the Plaintiff's "Objections of General Application";

2) Overruling the Plaintiff's relevance objection to Interrogatory Nos. 6 and 12, and Request for Production Nos. 10, 14, and 19;

3) Overruling the Plaintiff's "Vagueness and Burdensome Objection" to Interrogatory Nos. 7, 13, and 22, and Request for Production No. 14;

4) Overruling the Plaintiff's "Legal Conclusion Objection" to Interrogatory No. 2;

5) Overruling the Plaintiff's "Defendant's Possession Objection" to Interrogatory Nos. 7 and 18, and Request for Production Nos. 18 and 19;

6) Ordering the Plaintiff to serve a privilege log for each of her "Attorney Work Product/Attorney-Client Privilege Objections" by a date deemed reasonable by the Court, such log to identify the date of the communication or tangible thing, document type (if applicable), author, recipient(s), and subject; and

7) Ordering that Defendant is entitled to recover his reasonable expenses, including attorney's fees in the amount of $500.00, under [Fed. R. Civ. P. 37(a)(5)](#).

ANALYSIS

Rule 26(b)(1) of the Federal Rules of Civil Procedure was amended on December 1, 2015. The scope of permissible discovery is defined as follows:

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the party's access to relevant information, the party's resources, the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Additionally, "information within the scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

A.  General Objections

Plaintiff has asserted several general or boilerplate objections. Objections to interrogatories and requests for production of documents must be stated with specificity. Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(C). General blanket objections do not meet these specificity requirements and will be disregarded by this court. See Packard v. Darveau, case no. 4:11cv3199, 2012 WL 4443505 at *3 (D. Neb. Sept. 25, 2012). Accordingly, Plaintiff's general objections to Defendant's interrogatories and requests for production are overruled and stricken from her responses.

B.  Specific Objections

Plaintiff has provided answers over her stated objections to a majority of the contested requests. While providing answers to the extent requests are not objectionable is consistent the with Federal Rules, that practice does not obviate the need for the objections to be both valid and asserted with specificity. If the opposing party maintains

3

an objection despite providing an answer to the interrogatory or request for production, she must identify what part of the request continues to be objectionable.

1.     Relevance, Vagueness, and Burdensomeness

Plaintiff continues to assert a number of objections to various interrogatories and requests for production despite providing answers and documents. These include objections based on relevance, burdensomeness, and vagueness. However, Plaintiff provides no specific details or support for these continuing objections.[1] Nor does she identify whether she is withholding responsive documents based on these continuing objections. To the extent Plaintiff asserts objections based solely on relevance, burdensomeness, or vagueness those objections are overruled and Plaintiff shall provide complete answers or responses, to the extent she has not already done so.

Plaintiff did not provide documents in response to Request for Production No. 14, which seeks documents referring to any reimbursement for special damages that the plaintiff seeks to recover. Plaintiff objected to this request based on relevance, vagueness and burdensomeness. The requested information is facially relevant and Plaintiff has not specified why she believes the question is vague. Nor has she provided any support for her contention that responding to this request would be overly burdensome. Plaintiff's objections to Request for Production No. 14 are overruled and she shall respond in full.

2.     Defendant's Possession

Plaintiff has also objected to several interrogatories and requests for production because she believes Defendant already has copies of the requested documents. Whether

---

[1] To the extent Defendant must make a threshold showing of relevance, the court finds the requests for which Plaintiff has raised a relevance objection are facially relevant and the Defendant has met his threshold showing.

4

Defendant already has copies of these materials or information, or whether Defendant can obtain them from a third party is not relevant. See Ragan v. Jeffboat, LLC, 149 F. Supp. 2d 1053, 1061-62 (S.D. Ind. 2001); Bibbs v. New River Community & Technical College, 285 F.R.D. 382, 394 (S.D. W. Va. 2012). If Plaintiff has responsive documents or other requested responsive information in her possession, custody, or control, she has a duty to produce those documents and provide that information. To the extent Plaintiff has objected to Interrogatories or Requests for Production based on her belief Defendant already possesses those documents or information, her objections are overruled.

### 3. Work Product and/or Attorney Client Privilege

Plaintiff also makes several objections based on the doctrines of work-product and attorney-client privilege. Rule 26(b)(5) requires the party withholding information to provide a privilege log that "describes the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."

In this case, Plaintiff has provided a privilege log, apparently in response to Request for Production Nos. 11, 12, and 20. To the extent Plaintiff is withholding the documents identified in the privilege log based on the attorney-client privilege and work-product doctrine, Defendant's motion to compel is denied as moot. To be clear, the court is not ruling on whether those documents are actually protected from disclosure. Rather, the court is acknowledging Plaintiff has fulfilled her duty to produce a privilege log for any document over which she asserts protection under the work-product doctrine or attorney-client privilege.

Defendant's Interrogatory No. 2 warrants special mention. It provides:
INTERROGATORY NO. 2: Identify each person whom you expect to call
as an expert witness at trial and set forth the substance of the facts and

opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Plaintiff has objected based on attorney-client privilege, work-product doctrine, and that the request asks for a legal conclusion. None of these objections are applicable. Plaintiff's real dispute is focused on the fact the parties set a date certain for expert disclosures in the Rule 26(f) Report as evinced by the Final Progression Order. (Filing No. 15). The parties stipulated that Plaintiff would have until May 15, 2017 to disclose her testifying experts and provide expert reports. (Id. at ¶¶ 7-8). Defendant is not entitled to expert disclosures until that time. At this juncture, even if Plaintiff has identified a testifying expert and has an expert report, she does not need to provide her expert disclosures until the parties' stipulated deadline. Defendant's motion to compel this information is denied as premature.

    C.    Attorney's Fees

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Defendant requests the court order Plaintiff to pay the Defendant $500 in reasonable expenses, including attorney's fees. Rule 37(a)(5)(A) provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

An order for payment of the moving party's reasonable attorney's fees is mandatory under Rule 37(a)(5)(A) unless:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make an award of expenses unjust.

In this case none of the exceptions apply. Defendant supplied ample evidence his attorney attempted to resolve the matter without motion practice. As noted above, boilerplate and general objections are simply not appropriate, and the court advised Plaintiff as such during the pre-motion conference call. Further, Plaintiff has not shown her specific objections were ever valid and, if so, why. And after providing answers to the contested interrogatories and requests for production, she insisted on maintaining the objections. Under such circumstances, an award of reasonable attorney's fees is warranted.

Accordingly,

IT IS ORDERED that Defendant's motion to compel ([Filing No. 22](Filing No. 22)) is granted in part and denied in part as follows:

1) Plaintiff's "Objections of General Application" are overruled and stricken.

2) Plaintiff's objections based on relevance as to Interrogatory Nos. 6 and 12 and Request for Production Nos. 10, 14, and 19 are overruled.

3) Plaintiff's objections based on vagueness and burdensomeness as to Interrogatory Nos. 7, 13, and 22, and Request for Production No. 14 are overruled.

4) Plaintiff's objections based on the assertion the requested information and documents are in Defendant's control as to Interrogatory Nos. 7 and 8 and Requests for Production Nos. 18 and 19 are overruled.

5) Plaintiff's motion to compel as to Interrogatory No. 2 is denied as premature.

6) Plaintiff's motion to compel the defendant to produce a privilege log is denied as moot.

7

7) Plaintiff's motion for attorney's fees and expenses is granted. Defendant or Defendant's counsel shall pay Plaintiff a sum of $500, pursuant to Fed. R. Civ. P. 37(a)(5).

Dated this 29th day of March, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.